GONZÁLEZ, INTERVENOR AND APPELLANT, v. ALONSO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the Second District Court of San Juan in an Action of Intervention.

No. 3196.—Decided April 24, 1924.

ATTACHMENT— PREFERENCE— PURCHASE PRICE— PROMISSORY NOTE— PERSONAL PROPERTY.—The mere levy of an attachment on personal property at the instance of the holder of a promissory note is not sufficient to place such property beyond the operation of section 1823 of the Civil Code under which preference in connection with certain personal property of the debtor is given to creditors for the purchase price of the property, and less so in a case in which the property was sold under a public instrument while the promissory note was not made with that formality.

The facts are stated in the opinion.

*Mr. L. Freyre Barbosa* for the appellant.

*Mr. E. H. F. Dottin* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In an instrument subscribed before a notary public on December 8, 1921, Enrique Viñas Varela sold and transferred to José S. Belaval a certain café and restaurant together with the furniture, provisions, utensils and other personal property used in the operation thereof, under inventory, for the sum of $1,300, $500 of which was to be paid on taking possession and the balance of $800 in monthly instalments with an accelerating clause based on the contingency of a failure to meet three of such instalments.

On January 27, 1922, Pedro Alonso brought suit against José S. and Arturo S. Belaval on a promissory note dated December 2, 1921, and payable on January 15, 1922. On the following day the personal property first above mentioned was attached in the proceeding instituted in the name of Alonso and, after the entry of a judgment by default on February 18, 1922, was sold on April 15, following.

Vicente Viñas died on the day the attachment was levied and on March 8, 1922, the widow and children were decreed to be his heirs, and thereupon filed a complaint in intervention alleging the foregoing facts, save that as to the sale which had not then occurred, together with others tending to show a conspiracy to defraud intervenors, and prayed among other things that the claim asserted by them be given preference over that of Alonso and first covered out of the proceeds upon sale of the attached property.

The court below, after a hearing on the merits, dismissed the suit of the intervenors, apparently upon the theory of insufficient proof, although no separate findings or conclusions were filed.

It may be that the evidence of fraud and conspiracy is not so conclusive as to warrant a reversal of the judgment below upon the ground of manifest error in weighing such evidence; but, conceding for the sake of argument, without holding, that this is so, yet upon the undisputed facts above outlined, regardless of any question of fraud or conspiracy, we are persuaded that intervenors were entitled to the relief sought by them.

Section 1823 of our Civil Code reads in part as follows:

"Sec. 1823.—With regard to specified personal property of the debtor, the following are preferred:

"1.—Credits for the construction, repair, preservation or for the amount of the sale of personal property which may be in the possession of the debtor to the extent of the value of the same."

Commenting upon the corresponding provisions of the Spanish Code, Manresa says:

"The reason for the preference attributed in this paragraph to the credits therein referred to, as regard the expenses incurred in the construction, repair and conservation of the property preferred, is that the said property would not exist without such expenses; the situation, therefore, being equal to that of an advancing creditor with regard to the real estate for the benefit of which the money was lent. And as to the credits resulting from the price of personal property in the possession of the debtor, it is understood, of course, that those who may be the owners of such credits, are, to a certain extent, dominion creditors, and it may be said that as to them, as well as to prior creditors, there is no obligee, but that the juridical relation exists between the creditor and the thing which guarantees the credit rather than with the debtor. The said preference, therefore, is given not absolutely but relatively and is limited only to those things which directly subject the obligations originating by said credits to their fulfillment."

In the absence of any citation of authority or persuasive argument in support of the proposition that the mere levy of an attachment upon personal property at the instance of the holder of a simple promissory note suffices to place such property beyond the reach or operation of section 1823 of the Civil Code, and to invert the order of preference therein prescribed, to the prejudice of a vendor, we are constrained tentatively at least to take the contrary view.

The fact that the agreement of purchase and sale was executed before a notary, while the promissory note was not so authenticated, is a significant circumstance suggestive of further grounds of preference which we need not now discuss.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.